UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>CHRISTINE A. NUNES,<br><br>Debtor. | Chapter 13<br><br>Case No. 17-20189-JJT<br><br>RE: ECF Nos. 60, 94 |

**STIPULATED ORDER ON MOTION FOR RELIEF FROM STAY**

NOW COME the parties, through their respective undersigned counsel, and request that this Honorable Court enter the following stipulation as an order of the Court.

**STATEMENT OF MATERIAL FACTS**

1. Christine A. Nunes (the "**Debtor**") is an individual who asserts an ownership interest in the real property known as and numbered 184 Hollister Street, Manchester, Connecticut (the "**Property**").

2. U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust as serviced by BSI Financial Services ("**U.S. Bank Trust**") has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3. On April 25, 2000, the Debtor executed and delivered to Family Choice Mortgage Corporation (the "**Lender**") a note in the original amount of $98,949.00 (the "**Note**"). Simultaneously therewith, as security for the obligations under the Note, the Debtor executed and delivered to the Lender a mortgage on the Property (the "**Mortgage**").

4. U.S. Bank Trust is the assignee of the Mortgage.

**The Bankruptcy**

5. On or about February 15, 2017, the Debtor filed a Chapter 13 petition, commencing the above-captioned case.

6. On May 1, 2018, the Court approved the Debtor's Chapter 13 plan.

7. On January 1, 2020, U.S. Bank Trust filed its motion for relief from stay regarding the Note, Mortgage and Property, alleging post-petition arrears owed as the grounds for relief from stay (the "**Motion for Relief**"). Doc. No. 60.

8. On February 12, 2020, the Debtor filed an opposition to the Motion for Relief. Doc. No. 61.

WHEREAS, the parties hereto desire to resolve all differences between them, the parties STIPULATE and AGREE as follows:

A. The Debtor acknowledges and agrees that the monthly payment amount under the Note and Mortgage is $713.50. The Debtor also acknowledges and agrees that she is currently delinquent on her post-petition payments under the Note and Mortgage and, therefore, there exists good cause to grant U.S. Bank Trust relief from the automatic stay regarding the Property.

B. The Debtor acknowledges and agrees that the post-petition arrears, including the June 1, 2020 payment, total $21,300.87 (the "**Post-Petition Arrears**"), comprised of the following:

1. $14,800.37 in monthly mortgage payments for July 1, 2018 through November 1, 2019 (17 x $870.61);

2. $4,994.50 in monthly mortgage payments for December 1, 2019 through June 1, 2020 (7 x $713.50); and

3. $1,506.00 that U.S. Bank Trust has incurred in legal fees and costs in filing and prosecuting the Motion for Relief; less

4. $444.42 that U.S. Bank Trust is holding as a post-petition credit.

C. The parties agree to the following:

1. The Debtor shall pay the regular monthly mortgage payments on the Property as they become due, beginning with the July 1, 2020 payment; and

2. The Debtor shall cure the post-petition arrears by filing a Chapter 13 Plan within fourteen (14) days of the filing of this agreement, which Chapter 13 plan shall include the pre-petition arrears and the post-petition arrears to be paid through the plan to the Chapter 13 Trustee.

3. **IF THE DEBTOR FAILS TO COMPLY WITH PARAGRAPH C(1) OR C(2) OF THIS STIPULATION, U.S. BANK TRUST (OR ITS SUCCESSORS-IN-INTEREST, IF ANY) MAY FILE AN AFFIDAVIT OF NONCOMPLIANCE (THE "AFFIDAVIT") THAT WILL REQUEST, AMONG OTHER THINGS, THAT THIS COURT GRANT U.S. BANK TRUST RELIEF FROM THE AUTOMATIC STAY AND, UPON COURT APPROVAL OF THE AFFIDAVIT AND THE GRANTING OF RELIEF FROM STAY, U.S. BANK TRUST MAY PURSUE ITS RIGHTS AND REMEDIES PURSUANT TO THE NOTE AND MORTGAGE WITHOUT FURTHER HEARING, INCLUDING BUT NOT LIMITED TO PURSUING ITS RIGHT TO FORECLOSE THE MORTGAGE AND TO PURSUE SUMMARY PROCESS PROCEEDINGS. THE DEBTOR HAS THE RIGHT TO OBJECT TO THE AFFIDAVIT OF NON-COMPLIANCE ONLY ON THE BASIS THAT THE DEBTOR DID COMPLY WITH PARAGRAPHS C(1) AND C(2). ALL REASONABLE COSTS ASSOCIATED WITH THE PREPARATION OF THE AFFIDAVIT OF NON-COMPLIANCE WILL BE CHARGED TO THE DEBTOR'S MORTGAGE ACCOUNT.**

4. All payments shall be made to the payment address provided on the Claims Register, and will clearly state the loan number on the payment.

D. By entering into this Stipulation, U.S. Bank Trust in no way waives or forfeits its rights to collect any pre-petition or post-petition arrears under applicable law, and in no way alters the terms, conditions, or its rights under the Note and Mortgage.

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST AS SERVICED BY BSI FINANCIAL SERVICES,<br><br>By its attorneys,<br><br>*/s/ Stephanie E. Babin*<br>Stephanie E. Babin, Esq. (CT30771)<br>Demerle Hoeger LLP<br>10 City Square, 4th Floor<br>Boston, MA 02129<br>(617) 337-4444<br>SBabin@DHNewEngland.com | CHRISTINE A. NUNES,<br><br><br><br>By her attorney,<br><br>*/s/ Jonathan G. Cohen*<br>Jonathan G. Cohen, Esq.<br>2 Congress Street<br>Hartford, CT 06114<br>(860) 527-8900<br>jgcohen@yahoo.com |

**IT IS SO ORDERED** at Hartford, Connecticut this 2nd day of July 2020.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut